[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Tyrone Burke, a/k/a Tione Williams ("Burke"), has taken the instant appeal from his conviction, following a jury trial, for possession of cocaine in violation of R.C. 2925.11(A). Counsel appointed to prosecute the appeal, citing the decision of the United States Supreme Court in Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, submits that he has carefully examined the record of the proceedings below and that his review of those proceedings has disclosed no error.
The Court in Anders sought to reconcile the conflict between an indigent's right to "counsel who will vigorously and fairly advocate his rights on appeal" and "the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes fairly debatable under the law." Freels v. Hills
(C.A.6, 1988), 843 F.2d 958, 960-961. Thus, when, as here, court-appointed appellate counsel's conscientious examination of the record has led him to conclude that his client's appeal is frivolous, counsel must, in addition to advising the reviewing court of his conclusion and requesting permission to withdraw, submit "a brief referring to anything in the record that might arguably support the appeal," furnish his client with a copy of the brief, and afford his client an opportunity "to raise any points that he chooses." Anders,supra, at 744, 87 S.Ct. at 1400. Here, counsel has satisfied that mandate, when he "[h]as carefully reviewed the entire record and researched the applicable case law for possible appellate issues, and finding no such issues he hereby notifies the Court that this assignment of error is presented under criteria set out in Anders[;] * * * Anders
directs counsel to advise the Court when, in counsel's opinion, there exists no meritorious appellate issue[;] * * * [and counsel] asks the Court to independently review the entire record and issue its own conclusions as to appellant's pro se `weight of the evidence' issue, or of any other issues so discovered."[1]
Counsel has requested that this court independently examine the record. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Burke. See id. at 744, 87 S.Ct. at 1400. We affirm the judgment of the trial court. We have previously overruled counsel's motion to withdraw from his representation of Burke.
We, further, hold that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35. But, we allow no penalty and refrain from taxing costs and expenses against Burke because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] The "appellant's contention" that the trier of fact rendered a decision that was manifestly against the weight of the evidence, which counsel has included in his brief under the caption "SINGULAR ASSIGNMENT OF ERROR," does not alter the "no error" essence of counsel's submission on appeal. And even if it could be so construed, this court would be under no compulsion to address the "contention" on its merits, when the "contention" as presented in the brief does not conform to the requirements of App.R. 16(A). See App.R. 12(A)(2).